# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 7259 | DATE | 10/2/2000 |
| CASE TITLE | Petersen Publishing Co. L.L.C. Vs. Racing Champions, Inc. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to compel production of documents and for sanctions is granted in part and denied in part. In the circumstances, we sanction defendant $2500, payable to plaintiff. Status hearing set for October 11, 2000 at 9:45am. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 04 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 40 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | EC-7 FILED FOR DOCKETING 00 OCT -3 AM 9:12 date mailed notice | |
| WAH | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PETERSEN PUBLISHING COMPANY, )
L.L.C., )
                                       )
            Plaintiff, )
                                       )
      vs.                             )    No. 99 C 7259
                                       )
RACING CHAMPIONS, INC., )
                                       )
           Defendant. )

DOCKETED
OCT 0 4 2000

## MEMORANDUM OPINION AND ORDER

On July 3, 2000, plaintiff moved to compel production of documents and for sanctions. According to plaintiff, defendant's counsel had consistently acknowledged that defendant's production of documents was incomplete, but nothing further was furnished. Also, according to plaintiff, defendant was refusing to produce purchase orders and invoices necessary for damages calculations, claiming that their production was unduly burdensome and duplicative, without any showing that was so, and, indeed, when the production could undoubtedly be made without the burdens claimed. That led to two appearances in court, a lengthy question-and-answer session with the defendant's representative, Jody Taylor, who was knowledgeable about some of its recordkeeping, and then another status report in court the following day. Presumably, and hopefully, discovery is now on track. Plaintiff wants, however, to recover its expense in getting there. Defendant, in turn, claims that it has responded in good faith, that it believed the production to be unduly burdensome and duplicative, that it has complied with all court orders, and that plaintiff should have been more forthcoming in explaining what it wanted and why the documents were needed.

40

We have reviewed the submissions and particularly the discussion with Jody Taylor on September 6, 2000. It is apparent that defendant did not fully explore the structure of its own records until the September 6 discussion, or shortly before, and that production of purchase orders and invoices is burdensome, but not unduly so, and not duplicative. The burden was on defendant to produce or provide good reasons, and supported reasons, why it could not or should not have to do so. At the same time we are left with a conviction that a somewhat less confrontational approach by plaintiff might have led to a more rapid and therefore less expensive resolution. We believe that plaintiff should recover a portion, but only a portion, of the expenses it incurred in seeking compliance. When the motion was first filed plaintiff represented that those expenses exceeded $4300, and undoubtedly they have increased substantially since. In the circumstances, we sanction defendant $2500, payable to plaintiff.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 2, 2000.